**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4052**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JIGAR PATEL,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  George L. Russell, III, District Judge. (1:13-cr-00374-GLR-3)

Submitted: October 20, 2015      Decided:  October 22, 2015

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Towson, Maryland, for Appellant.  Sandra Wilkinson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jigar Patel pled guilty, pursuant to a plea agreement, to making false statements relating to health care matters and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1035(a) (2012), and the court sentenced him to 13 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding that Patel knowingly and intelligently waived the right to appeal his conviction and sentence. Patel has filed a pro se supplemental brief, challenging the validity of his appellate waiver and arguing that the district court erred in imposing a two-level enhancement for use of a special skill and abuse of a position of trust to facilitate the commission of the offense. U.S. Sentencing Guidelines Manual § 3B1.3 (2013). The Government has moved to dismiss the appeal based on the appellate waiver in the plea agreement. We grant the motion and dismiss the appeal.

We review the validity of an appellate waiver de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the

terms of the plea agreement." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record confirms that Patel knowingly and intelligently waived his right to appeal.

We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528 (internal quotation marks omitted). Patel waived his right to appeal his conviction and sentence, reserving only the right to appeal a sentence based on an offense level greater than 16. Patel's challenge to the USSG § 3B1.3 sentencing enhancement does not lie within this narrow exception, but falls squarely within the scope of the waiver.

In accordance with Anders, we have reviewed the record in this case and have found no unwaived and potentially meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform Patel, in writing, of the right to petition the Supreme Court of the United States for further review. If Patel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Patel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>